OPINION OF THE COURT
Memorandum.
Final judgment unanimously reversed without costs and petition dismissed without prejudice to landlord commencing a plenary action.
In this nonpayment proceeding, the petition alleges the existence of an agreement to pay rent as well as a personal demand upon tenants for payment thereof. Whether said demand was in writing or oral is not indicated in the petition. If a written three-day notice was served, the petition is silent as to the manner of its service, and no copy of the notice or an affidavit of its service was attached to the petition. Tenants’ oral answer contains a denial that a demand for rent was made by landlord. At trial, landlord never established by admissible evidence that a three-day notice was served upon tenants or that an oral demand was made. At the conclusion of the trial, tenants moved to dismiss the petition on said ground. Thereupon, the court below took judicial notice of the affidavit of service of the rent notice and of the notice presented by landlord’s attorney without taking testimony of any witnesses with respect thereto and without affording tenants an opportunity to challenge said proof.
It was improper for the court to rely on the rent notice and affidavit of its service submitted after the conclusion of the trial. Ordinarily, an affidavit of service of such notice constitutes adequate proof of service of the notice, and service of the notice cannot be challenged where the tenant appears generally and fails to raise lack of service in the answer (Sears v Okin, 6 Misc 3d 127[A], 2004 NY Slip Op 51691[U] [App Term, 9th & 10th Jud Dists 2004]; see 201-221 Realty v Headley, 2003 NY Slip Op 50979[U] [App Term, 2d & 11th Jud Dists 2003]). However, once service is put in issue by the answer of the tenant, as here, the landlord cannot rely upon a notice and affidavit of service of said notice to defeat the posttrial motion to dismiss the petition (2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 32:15, at 501 [4th ed]). Rather, landlord must establish service thereof by *74 testimony of the individual who made the service (see id,.). It is noted that there is no proof establishing that the individual who allegedly made such service was unavailable to testify at trial by reason of death, mental illness or unamenability to subpoena” (see CPLR 4531).
Since tenants are no longer in possession of the premises, the petition is dismissed without prejudice to landlord commencing a plenary action.
Rudolph, P.J., Angiolillo and McCabe, JJ., concur.